UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PAUL A. RANKIN,

                        Plaintiff,

                                              **DECISION AND ORDER**
v.                                                     09-CV-974-A

CITY OF NIAGARA FALLS,
et al.,

                        Defendants.

---

On April 11, 2013, the Court entered a Decision and Order imposing three monetary sanctions totaling $3,000 upon attorney Christina A. Agola, Esq., pursuant to Rule 11 of the Federal Rules of Civil Procedure, because she repeatedly made misleading representations to a Magistrate Judge in bad faith and for an improper purpose. Although Agola's professional standing is precarious, see *In re Agola*, No. 10-90061-am, 484 Fed.Appx. 594, 2012 WL 2025389 (2d Cir. June 6, 2012); *Rankin v. City of Niagara Falls*, 09-CV-974-A, 2013 WL 1501682 (W.D.N.Y. April 11, 2013), she did not pay the Rule 11 sanctions, which were due May 2, 2013, or seek a stay of payment pending appeal, even after a July 1, 2013 letter reminder from the Clerk of the Court.

By Order to Show Cause entered on August 2, 2013, the Court directed Agola to appear in Court on September 6, 2013, to explain why she should not be sanctioned or subject to other corrective action within the Court's inherent power for not complying with the April 11, 2013 Decision and Order. The Order to Show Cause directed Agola to file a response by September 5, 2013 to "fully explain[] why she did

not pay or seek a stay of the three Rule 11 sanctions totaling $3,000 imposed in the April 11, 2013 Decision and Order." Dkt. No. 124, p. 5. It stated potential inherent-power sanctions and corrective action included removal from the bar of the United States District Court for the Western District of New York and censure.[1]

In a short written response to the Court's Order to Show Cause on August 7, 2013, Agola stated she had not paid the $3,000 Rule 11 sanctions due to financial hardship caused by other sanctions totaling $17,500 imposed upon her in two other cases by another Judge. Dkt. No. 126. Agola relied upon a separate pleading she had filed in the United States Court of Appeals for the Second Circuit seeking a stay of one of the other sanctions pending appeal in which she stated, "[t]he sanction poses a hardship on the firm, both in terms of reputation and expense of appealing those orders." Dkt. No. 126 at ¶ 3 (*citing* Motion For Stay of Enforcement of Sanctions in *Kleehammer v. County of Monroe, et al.*, No. 13-1654, Dkt. No. 41 (2d Cir., July 24, 2013); *see id.* at ¶ 2 *and* ¶¶ 15, 37).

Agola also complained to the Court of Appeals in her motion for a stay of the sanctions in *Kleehammer* that those sanctions were entirely unjustified and that she has been singled out. *See* Dkt. No. 126 at ¶ 3 (*citing* Motion For a Stay in *Kleehammer*, Dkt. No. 41, ¶¶ 17-37. Agola's only direct reference to the Rule 11 sanctions in this case was to say the sanctions were imposed "for seeking three (3)

---

[1] This Decision and Order assumes familiarity with the Court's April 11, 2013 Decision and Order, *Rankin v. City of Niagara Falls*, 09-CV-974-A, 2013 WL 1501682 (W.D.N.Y. April 11, 2013) (Dkt. No. 109), the August 2, 2013 Order to Show Cause, Dkt. No. 124, and the Public Reprimand of Agola by the Court of Appeals, *In re Agola*, No. 10-90061-am, 484 Fed.Appx. 594, 2012 WL 2025389 (2d Cir. June 6, 2012).

extensions of time to respond to the defendant's summary judgment motion." *Id.* at Motion For a Stay in *Kleehammer,* ¶ 14.

On August 13, 2013, after the $3,000 Rule 11 sanctions in this case were more than 90 days past due, Agola paid them. Agola had until September 5, 2013 to respond in writing to the Court's Order to Show Cause, but she filed no further explanation for not paying the sanctions on time and for not seeking a stay of payment pending appeal.

Agola appeared on September 6, 2013, without separate counsel, in response to the Order to Show Cause. The Court immediately advised Agola that, because she had finally paid the $3,000 Rule 11 sanctions on August 13, 2013, the Court would not disbar her or suspend her from practice in the Western District of New York, but that the Court was considering imposing a public censure for conduct prejudicial to the administration of justice because she intentionally delayed payment of the sanctions to express disagreement with the sanctions and with the Court's April 11, 2013 Decision and Order.[2] The Court invited Agola to argue whether delaying payment without a stay was sanctionable.

Agola orally responded by reiterating the claim of financial hardship in her

---

[2] Agola's reliance upon her Motion For a Stay in *Kleehammer* in response to the Court's August 2, 2013 Order to Show Cause, and her characterization in that pleading that the Rule 11 sanctions in this case were imposed merely because she sought extensions of time, support the inference that she delayed payment to express her view that the sanctions and the April 11, 2013 Decision and Order were unjustified. *See* Dkt. No. 126.

3

short written response of August 7, 2013.[3] Agola ultimately denied intending any disrespect by violating the Court's April 11, 2013 Decision and Order, admitted she had no excuse for not seeking a stay of payment pending appeal, expressed remorse for not seeking a stay, and conveyed convincingly that she is overwhelmed by the demands of her practice.

The Court finds that Agola's conduct delaying payment of the $3,000 Rule 11 sanctions imposed by the April 11, 2013 Decision and Order without seeking a stay of payment pending appeal, even after the July 1, 2013 letter reminder from the Clerk, was an intentional violation of the April 11, 2013 Decision and Order for an improper purpose.  The Court specifically finds that, because Agola intended to take without authorization an extension of time to comply with the Court's Decision and Order, the delay was for an improper purpose and was conduct prejudicial to the administration of justice in violation of Rule 8.4(d) of the New York Rules of Professional Conduct. See L. R. Civ. P. 83.3(a). Agola's conduct is yet another example of the recurring problems on her part that are being closely monitored by the Court of Appeals in the aftermath of her Public Reprimand by the Court of Appeals, and that are also pending before all the Judges of this District upon referral pursuant to the Court's April 11, 2013 Decision and Order.

After careful reflection, I find that imposing yet another sanction upon Agola will serve no sufficiently constructive purposes.  Based upon her statements on

---

[3] Because the $3,000 Rule 11 sanctions were imposed upon Agola personally, her assertions of law firm financial and reputation hardships were insufficient excuses for late payment of the sanctions.

September 6, 2013, I am convinced that a public censure or reprimand of Agola would not serve to deter her from future misconduct.

I remain concerned about Agola's violation of the Court's April 11, 2013 Decision and Order, and what Agola's conduct demonstrates about her overall attitude toward her professional responsibilities. Nonetheless, under the unique and troubling circumstances presented, I impose no further sanction or corrective action upon Agola, other than the admonitions given during her appearance on September 6, 2013.

The Clerk of the Court is requested to provide copies of this Decision and Order to all District Judges of the Western District of New York in both active and senior service, to the Committee on Admissions and Grievances of the United States Court of Appeals for the Second Circuit, and to the attorney disciplinary committee of the Supreme Court of the State of New York, Appellate Division, Fourth Department.

## CONCLUSION

For the reasons stated above, upon an August 2, 2013 Order to Show Cause to Christina A. Agola, Esq., issued pursuant to the Court's inherent power to impose sanctions and corrective action upon attorneys admitted to practice before it, see Chambers v. NASCO, Inc., 501 U.S. 32 (1991); United States v. Seltzer, 227 F.3d 36 (2d Cir. 2000), for Christina A. Agola's failure to pay three Rule 11 sanctions totaling $3,000 when required to do so and without having sought a stay of payment

pending appeal, it is hereby

**ORDERED** that Christina A. Agola is not sanctioned or subject to other corrective action for her conduct violating the Court's April 11, 2013 Decision and Order and Rule 8.4(d) of the New York Rules of Professional Conduct.

**SO ORDERED.**

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: September 11, 2013